UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DAVID TERRENCE STEPHENS,

    Petitioner,

v.                                      CASE NO. 6:05-cv-473-Orl-28KRS

SECRETARY, DEPARTMENT OF CORRECTIONS, et al.,

    Respondents.

## ORDER

This case is before the Court on the amended petition for habeas corpus relief filed by Petitioner pursuant to 28 U.S.C. section 2254 (Doc. No. 13). Respondents filed a response (Doc. No. 20) and a supplemental response (Doc. No. 26) to the amended petition, and Petitioner then filed a reply (Doc. No. 29) and a supplemental reply (Doc. No. 31).

Petitioner alleges two claims for relief in his amended habeas petition: first, that the trial court erred when it denied his Rule 3.853 motion for DNA testing; and second, that the trial court erred when it denied his motion to vacate and request for order allowing the emergency release of Petitioner from imprisonment.

*Procedural History*

Petitioner was charged by amended information with burglary of a dwelling with an assault or a battery (count one), attempted first degree murder (count two), aggravated battery with a deadly weapon or causing great bodily harm (count three), aggravated

battery with a deadly weapon or causing great bodily harm (count three), aggravated battery causing great bodily harm (count four), and criminal mischief (count five). The State entered a nolle prosequi as to the criminal mischief count, and a jury trial was held as to the remaining counts. The jury subsequently rendered the following verdicts: 1) not guilty as to count one; 2) guilty as to the lesser included offense of aggravated battery with a deadly weapon or causing great bodily harm as to count two; and 3) guilty as to counts three and four. Prior to sentencing, the trial court dismissed and vacated the convictions as to counts two and three. The trial court then sentenced Petitioner to imprisonment for a term of forty years as to count four. Petitioner filed a direct appeal with the Florida Fifth District Court of Appeal, which affirmed.

Petitioner next filed a motion for DNA evidence examination with the state trial court, which was denied. Petitioner appealed the denial, and the state appellate court affirmed the denial *per curiam*.

Petitioner then filed a motion to vacate and for order allowing the emergency release of Petitioner from imprisonment with the state trial court, which was denied. The state appellate court affirmed the denial *per curiam*.

*Petitioner's Claims Must Be Denied*

A.   *Petitioner's Claims Involve State Law Issues Only*

Petitioner has not raised these claims in terms of a deprivation of a federal constitutional right. Rather, these claims involve state law issues only.

Pursuant to 28 U.S.C. section 2254, a state prisoner is entitled to federal habeas

corpus relief if he (or she) is held in custody in violation of the Constitution, laws, or treaties of the United States. A mere error of state law does not constitute a denail of due process. *Estelle v. McGuire*, 502 U.S. 62, 67-69 (1991). Moreover, this Court expresses no opinion on the state trial court's interpretation of Florida law. A state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved. *See Carrizales v. Wainwright*, 699 F.2d 1053, 1055 (11th Cir. 1983); *Llamas-Almaguer v. Wainwright*, 666 F.2d 191 (5th Cir. 1982). When no question of a federal constitutional nature is involved, the state court's interpretation of Florida law provides no basis for federal habeas corpus relief. Since these claims are based exclusively on state law issues that are merely "couched in terms of equal protection and due process," they must be denied. *Willeford v. Estelle*, 538 F.2d 1194, 1198 (5th Cir. 1976).

B.  *These Claims Involve Errors In The Postconviction Review Process*

It is clear that these claims are not properly reviewable in a federal habeas proceeding. "A habeas petition must allege the petitioner's detention violates the constitution, a federal statute, or a treaty. . . . [A] petition alleging errors in the state post-conviction review process is not addressable through habeas corpus proceedings." *Franzen v. Brinkman*, 877 F.2d 26 (9th Cir.), *cert. denied*, 493 U.S. 1012 (1989). In *Spradley v. Dugger*, 825 F.2d 1566 (11th Cir. 1987), the petitioner argued that the state trial court violated his due process rights when it denied his Rule 3.850 motion because it did not conduct an evidentiary hearing and because its opinion denying relief failed to attach those portions of the record on which it relied. The Eleventh Circuit Court of Appeals held that the state

trial court's alleged errors in the Rule 3.850 proceedings did not undermine the validity of the petitioner's conviction; therefore, the claim went to issues unrelated to the cause of the petitioner's detention, and it did not state a basis for habeas relief. *Id.* at 1567; *see also Mitchell v. Wyrick*, 727 F.2d 773, 774 (8th Cir.) ( "Even where there may be some error in state post-conviction proceedings, this would not entitle appellant to federal habeas corpus relief since appellant's claim here represents an attack on a proceeding collateral to detention of appellant and not on the detention itself.") (quotation omitted) (citation omitted), *cert. denied*, 469 U.S. 823 (1984).[1] In these claims, Petitioner alleges errors in the state postconviction review process which are not addressable through habeas corpus proceedings; consequently, they must be denied.

C.  *These Claims Must Be Denied On The Merits*

It is clear that DNA testing was not warranted in this case. First, there was ample testimony at trial that the victim's injuries were caused by a knife. Second, identity was not an issue in this case, as Petitioner admitted that he fought with the victim. Thus, there was no defense or claim that another individual caused the victim's wounds. Finally, in light of the eyewitness testimony that Petitioner and the victim had been fighting, DNA test results on the knife would have been irrelevant. In other words, even if there was no DNA belonging to Petitioner on the knife, several witnesses saw Petitioner attack the victim, and

---

[1] In *David v. Price*, No. CIV. A. 97-7643, 1998 WL 404546, at *2 (E.D. Pa. July 15, 1998), the district court noted that "the majority of Circuits have held that . . . deficiencies [or errors in state post-conviction proceedings] are not reviewable in federal habeas proceedings." The district court also listed those circuits in the majority and the one circuit in the minority.

Petitioner himself admitted to police that he fought with the victim. There simply was no showing by Petitioner that a DNA test would have exonerated him or mitigated his sentence. Under these circumstances, the trial court properly denied the Rule 3.853 motion and the motion to vacate and for order allowing the emergency release of Petitioner from incarceration.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus filed by David Terrence Stephens is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**. The Clerk of the Court shall enter judgment accordingly.

2. The Clerk of the Court is directed to close this case.

3. Petitioner's Motion for Final Order (Doc. No. 33, filed December 12, 2005) is **DENIED** as moot.

**DONE AND ORDERED** in Chambers at Orlando, Florida, this 12 day of January, 2006.

JOHN ANTOON II
UNITED STATES DISTRICT JUDGE

Copies to:
pslc 1/10
Counsel of Record
David Terrence Stephens